**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **JACKSON BIOTECHS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ABCAM LIMITED**<br><br>Defendant. | CASE NO. 2-26-cv-842 |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jackson Biotechs, LLC ("Plaintiff" or "Jackson Biotechs") files this Complaint against Abcam Limited ("Abcam" or "Defendant") for infringement of United States Patent No. 7,960,168 (the "'168 Patent"). Plaintiff seeks only retrospective relief for qualifying United States infringement occurring within six years before the filing of this action and no later than January 6, 2025.

## PARTIES

1. Plaintiff Jackson Biotechs, LLC is a Texas limited liability company with a mailing address at 1306 Sycamore Street, Murray, Kentucky 42071.

2. Defendant Abcam Limited is a private limited company organized under the laws of England and Wales, company number 03509322, with its registered office at Discovery Drive, Cambridge Biomedical Campus, Cambridge CB2 0AX, United Kingdom. Abcam Limited acquired BioVision, Inc. in October 2021. Abcam Limited's United States-facing terms identify Abcam Limited itself as the company that operates abcam.com, makes products available for order, accepts orders, arranges delivery, supplies product instructions, and contracts with purchasers. During the period after the BioVision

acquisition and before January 6, 2025, Abcam Limited commercialized the accused BioVision-origin EZCell products through that website and related United States sales, fulfillment, and support channels.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. Plaintiff seeks damages only for infringement occurring in the United States within the six-year period preceding the filing of this action and no later than January 6, 2025, together with interest, costs, and other retrospective relief authorized by law.

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific personal jurisdiction over Abcam Limited because Abcam Limited purposefully directed the Accused Instrumentalities, product literature, protocols, sales, imports, and technical support into the United States, Texas, and this District through the website it operates and BioVision-origin United States fulfillment, distribution, and support channels. On information and belief, Abcam Limited established and used those channels with the expectation that the accused products would be purchased and used by customers in Texas, including this District, and this action arises from that commercialization.

6. Abcam Limited is alleged to have acted in concert with, and to have directed and controlled relevant commercialization by, its United States subsidiaries, distributors, and other agents—not merely to have owned them. Those actors implemented Abcam Limited's product strategy, branding, technical instructions, distribution, customer support, and United States sales for the Accused Instrumentalities. The precise allocation of acts among Abcam Limited and the actors it directed or controlled is peculiarly within their possession. *See Clear Imaging Research, LLC v. Lenovo Group Ltd.*, No. 2:25-CV-00240-JRG, Dkt.

54 at 6–10 (E.D. Tex. Mar. 31, 2026); *Arigna Technology Ltd. v. BMW of North America LLC*, 697 F. Supp. 3d 635, 649–50 (E.D. Tex. 2023).

7. Alternatively, jurisdiction exists under Federal Rule of Civil Procedure 4(k)(2). This action arises under federal patent law; Abcam Limited is organized outside the United States; and its nationwide contacts include purposeful United States commercialization, importation, distribution, sales, product instructions, demonstrations, training, and support for the Accused Instrumentalities. If Abcam Limited contends that it is not subject to jurisdiction in any State's courts of general jurisdiction, those nationwide contacts satisfy due process.

8. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Abcam Limited is not resident in the United States and may be sued in any judicial district. The alien-venue rule applies in patent actions notwithstanding 28 U.S.C. § 1400(b). *In re HTC Corp.*, 889 F.3d 1349, 1356–57 (Fed. Cir. 2018).

## PATENT-IN-SUIT

9. The United States Patent and Trademark Office issued the ’168 Patent, titled “Biologically Active Substance Transfer Sheet, Cell Culture Kit Constituted of Cell Culture Plate and Biologically Active Substance Transfer Sheet, Producing Method Thereof and Method for Screening Cell Culture Conditions Utilizing the Same,” on June 14, 2011 from Application No. 12/183,008. The ’168 Patent is publicly available from the United States Patent and Trademark Office.

10. The ’168 Patent claims priority to December 16, 2003. It identifies Kohei Watanabe, Takeshi Miyazaki, Osamu Kanome, Ryoichi Matsuda, and Tomoyo Fujiyama as inventors and Canon Inc. as the original assignee.

11. Plaintiff is the sole owner of the ’168 Patent by written assignment effective August 22, 2026. The assignment transferred all right, title, and interest in the ’168 Patent, including

accrued causes of action and the right to recover damages for infringement occurring before the assignment. The United States Patent and Trademark Office recorded the assignment on September 2, 2026 at Reel/Frame 075885/0292.

12. The ’168 Patent addresses the controlled presentation and transfer of biologically active substances to multiple corresponding cell-culture regions. The specification describes biologically active substances including extracellular-matrix proteins, antibodies, cytokines, growth factors, hormones, and chemicals, and explains the use of an elastic or flexible transfer sheet aligned with a multi-region culture plate.

13. Independent claim 1 recites, among other things, a culture plate having two or more discrete culture regions; a sheet having discrete covering portions corresponding to those regions; a first biologically active substance immobilized on the culture regions; a second biologically active substance attached to the covering portions; a sheet elastic or flexible at least at those portions; and use of the sheet to transfer the second substance to the culture regions.

14. Independent claim 12 recites a method of culturing a cell with a kit defined in claim 1 or specified dependent claims, including covering the culture regions with the sheet's covering portions and contacting a cell with a biologically active substance in a culture liquid in those regions. Claims 3–6 and 8–10 add limitations concerning recessed culture regions, wall structures, holding layers, release, and covering-portion structures.

15. The ’168 Patent is presumed valid under 35 U.S.C. § 282 and expired on January 6, 2025. Expiration does not eliminate a claim for legally recoverable past damages. *See Genetics Institute, LLC v. Novartis Vaccines & Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011).

16. Plaintiff has not made, offered for sale, or sold a patented article since acquiring the ’168 Patent after expiration. Plaintiff seeks only damages legally recoverable under 35 U.S.C. §§ 284 and 286, subject to proof of compliance with or inapplicability of any limitation under 35 U.S.C. § 287 during the relevant period.

## ACCUSED INSTRUMENTALITIES AND METHODS

17. The accused instrumentalities and methods include the EZCell Cell Migration/Chemotaxis Assay Kit (96-well, 8 µm), including BioVision K906 and Abcam ab235673; the EZCell/Basement-Membrane-Extract Cell Invasion Assay Kit, including BioVision K912 and Abcam ab235697; and materially similar BioVision- or Abcam-branded 96-well migration or invasion kits (collectively, the “Accused Instrumentalities”). Product names and catalog numbers identify representative instrumentalities and do not exclude materially similar configurations shown by discovery to operate in the same accused manner.

18. The EZCell systems include a 96-well Boyden chamber with upper wells having semipermeable polycarbonate membrane bottoms aligned above discrete lower wells. The instructed workflow places cells in the upper chamber and migration inducer or other culture conditions below. Cells attach to and pass through the membrane toward the lower chamber; the invasion version additionally uses basement membrane extract (“BME”) as a membrane-associated barrier or holding layer.

19. Plaintiff's allegations are limited to complete configurations and uses satisfying every asserted claim limitation. Plaintiff does not allege that every sale or every possible use of a component product infringed.

20. The accused complete configurations use membrane-attached cells as the second biologically active substance and, in the alternative, use attached BME/ECM proteins or cell-secreted factors. The claimed first substance is supplied in receiver-side configurations

employing an immobilized ECM protein, an adsorbed or gel-bound ligand or growth factor, or an adherent target-cell layer in the corresponding lower wells.

21. Abcam's official materials establish the 96-well Boyden-chamber architecture, upper-to-lower cell migration, and the BME-coated invasion configuration. Protein-adsorption literature further establishes that biologically active serum proteins, including fibronectin and vitronectin, adsorb to tissue-culture polystyrene and remain surface-associated. On information and belief, between Abcam's October 2021 acquisition of BioVision and January 6, 2025, Abcam's United States validation, quality-control, demonstration, replacement-testing, and customer-support uses included receiver wells holding adsorbed inducer or serum proteins, immobilized ECM or gel-bound factors, and/or adherent target-cell layers. Those complete configurations supply the claimed immobilized first biologically active substance; Abcam's batch, protocol, and project records will confirm the particular implementations.

22. After completing its acquisition of BioVision on October 27, 2021 and through January 6, 2025, Abcam Limited offered and contracted to sell the accused EZCell products through the United States-facing website it operates, arranged delivery into the United States, supplied required protocols, and integrated BioVision's assay portfolio and development personnel into Abcam's global commercialization network. On information and belief, Abcam also made and used the complete configurations in United States validation, quality control, demonstrations, replacement testing, and technical support. Plaintiff seeks recovery only for Abcam Limited's own conduct and conduct performed by personnel or agents at its direction and control during that period.

23. Abcam Limited's EZCell protocols instruct customers to assemble the 96-well Boyden chamber over the lower receiver, seed cells on the membrane, supply inducer or another

culture condition to the lower wells, incubate the assembled plate, and quantify or recover cells that migrate into the bottom chamber. The invasion instructions further direct use of BME. Those steps are adapted to cause the claimed assembly and method when the receiver wells carry the immobilized first substance alleged here.

24. Publicly available product literature, protocols, and other evidence concerning the Accused Instrumentalities support Plaintiff's infringement allegations. Additional details concerning Defendant's internal design, manufacture, testing, validation, demonstrations, training, sales, support, customer configurations, and use are peculiarly within Defendant's possession and will be confirmed and particularized through discovery.

**COUNT I — INFRINGEMENT OF U.S. PATENT NO. 7,960,168**

25. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

26. During the relevant period, Defendant directly infringed at least claim 1 of the '168 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing complete Accused Instrumentalities in the United States. The accused complete configurations include a multi-region culture plate and aligned flexible membrane covering portions carrying a second biologically active substance for transfer toward corresponding culture regions holding an immobilized first biologically active substance, as further described above.

27. During the relevant period, Defendant directly infringed at least claim 12 under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by using complete Accused Instrumentalities in United States research, validation, testing, quality control, demonstrations, training, technical support, and/or commercial services. Defendant covered corresponding culture regions with aligned membrane portions and contacted cells with biologically active substances in culture liquid in those regions.

28. United States customers, laboratories, service providers, and other end users directly infringed at least claims 1 and 12 by assembling and using the complete Accused Instrumentalities as instructed. At the pleading stage, Plaintiff need not identify each direct infringer by name where the complaint plausibly alleges that at least one direct infringer existed. *See In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).

29. To the extent multiple persons participated in an accused method, the relevant laboratory, company, or service provider directed or controlled the performance by conditioning participation or receipt of a benefit on performance of the claimed steps and establishing the manner or timing of that performance. The steps were therefore attributable to a single entity. *See Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015) (en banc); *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1380–84 (Fed. Cir. 2017).

30. As a direct and proximate result of Defendant's infringement during the patent term, Plaintiff is entitled to damages adequate to compensate for the infringement, in no event less than a reasonable royalty, for legally recoverable acts occurring within six years before filing and no later than January 6, 2025, together with interest and costs under 35 U.S.C. § 284.

## **DEMAND FOR JURY TRIAL**

31. Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) enter judgment that Defendant infringed one or more claims of the ’168 Patent during the patent term;

(b) award damages under 35 U.S.C. § 284 adequate to compensate for legally recoverable infringement occurring within six years before filing and no later than January 6, 2025, in no event less than a reasonable royalty;

(c) award pre-judgment and post-judgment interest and costs; and

(d) award any other retrospective relief authorized by law.

Respectfully Submitted

*/s/* Christopher A. Honea
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**
**JACKSON BIOTECHS, LLC**